Wright, J.,
delivered the opinion of the court:
The facts, briefly summarized, are that claimant was, July 6, 1898, a naval constructor on duty at Newport News, Ya. The Government before that time having chartered a ship for use as an army transport required its inspection before and after its use as such transport. Claimant,' on request of the War Department for the detail of an officer of the Navy to assist others in making such inspection, was detailed by the Navy Department for such purpose. He performed the service required of him, during which ho applied to-the Secretary of the Navy for permission to accept compensation for such services, which was given. Claimant then demanded of the defendant $1,000 for the services so rendered, which was approved for payment in the Quartermaster-General’s Office, out of the appropriation of $50,000,000 for the national defense, of March 9,1898, after which, the claim having been referred to him, the Comptroller of the Treasury decided that the claimant could not properly receive such payment.
Naval constructors are appointed by the President, by and with the advice and consent of the Senate, and have rank and pay as officers of the Navy, and may be required to perform duty at any navy-yard or other station. (Secs. 1402-1404, Rev. Stat.) Their duties, in general, are to have general superintendence and charge of the construction and repair of all ships, and to cause thorough examination at least once a month of all ships in reserve, to see that they are carefully guarded against deterioration or decay.
While claimant was an officer of the Navy, yet the duties required of him by the special detail to inspect the steamship La Grande Duchesse were of the general nature performed by him in The Navy. The mere fact that the ship was designed for the' use of the Army to transport the soldiers of the United States did not necessarily or justly burden the claimant with service not incident to his office or employment. The Army has no officer corresponding to a naval constructor, and when it becomes necessary to use ships at sea to transport the troops of the Army it becomes and is the duty of *306 the Navy with all its equipment and forces, when properly directed, to give necessary assistance and protection to such transportation.
There can not reasonably be such line of demarcation between the duties of officers of the Navy and of the Army as the argument in the present case would imply. The Army and Navy constitute the military forces of the Government, and their duties are to cooperate when necessity or emergency demands it; and for this purpose they are a unit, under the authority of one commander in chief. The services performed by the claimant, for which he seeks extra or special compensation, were but the duties required of him by his office. He Avas • specially detailed by his superior officer to perform them. It is not material that the detail was made at the request of the War Department, for both War and Navy Departments represent the common authority of each. The statute creating the office of naval constructor is broad enough to include the requirement to perform the services for which compensation is herein sought, and the omission of the Navy Department to specially include them in the regulations ought not, and, as we think, does not deprive the Government of the right to demand such services as occasion may require and at such times and places as the necessities of the service seem expedient. The services performed for which extra compensation is sought being, as we believe, identical with such as pertained to the office held by claimant, it is clear that, by the provision of section 1765, Revised Statutes, he is prohibited from receiving such compensation. That section is:
“No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by laAV or regulations, shall- receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty Avhatever, unless the same is authorized by laAV, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
There is no pretense that the act of March 9,1898 (30 Stat. L., 274), from which appropriation the extra compensation must be paid, if at all, explicitly states that any part of such *307 appropriation is for additional pay, extra allowance, or compensation to naval constructors. The language of that act is w< for the national defense and for each and every purpose connected therewith, to be expended at the discretion of the President and to remain available until January first, eighteen hundred and ninety-nine, fifty million dollars.” From this general language it would be unreasonable to infer that the Congress intended to, or that the President would give to an officer of the Navy, extra pay for the performance of duties called for by the exigencies in preparation for actual war, such duties being then already due from the general obligation of the same officer.
It follows from the views we have expressed that the claimant is not entitled to recover, and his petition will be dismissed.